1 THOMAS P. O'BRIEN
United States Attorney
2 CHRISTINE C. EWELL
Assistant United States Attorney
3 Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
4 JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
5 Assistant United States Attorneys
Violent & Organized Crime Section
6     1500 United States Courthouse
     312 North Spring Street
7     Los Angeles, California 90012
     Telephone: (213) 894-2917/3380/0698
8     Facsimile: (213) 894-3713
     E-mail: ariel.neuman@usdoj.gov
9           justin.rhoades@usdoj.gov
           jeff.mitchell@usdoj.gov
10
Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12                    UNITED STATES DISTRICT COURT

13            FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,        ) CR No. 09-230(A)-SVW
                                   )
15                    Plaintiff,    ) PLEA AGREEMENT FOR DEFENDANT
                                   ) RANDY SERPA
16          v.                      )
                                   )
17 RAMON NARCISO MORALES            )
MENDOZA, ET AL.,                   )
18                                  )
                                   )
19          Defendants.             )
                                   )
20

21

22

23

24

25

26

27

28

1    1.   This constitutes the plea agreement between RANDY SERPA

2  ("defendant") and the United States Attorney's Office for the

3  Central District of California ("the USAO") in the above-

4  captioned case.   This agreement is limited to the USAO and cannot

5  bind any other federal, state or local prosecuting,

6  administrative or regulatory authorities.

7                              PLEA

8    2.   Defendant agrees to plead guilty to count one of the

9  First Superseding Indictment in <u>United States v. Ramon Narciso</u>

10 <u>Mendoza, et al.</u>, CR No. 09-230(A)-SVW.

11                      NATURE OF THE OFFENSE

12   3.   In order for defendant to be guilty of count one,

13 which charges a violation of Title 21, United States Code,

14 Section 846, the following must be true:

15        a.   Defendant entered into an agreement with at least

16 one other person to commit the crime of distribution of heroin;

17 and

18        b.   Defendant became a member of the conspiracy knowing

19 of at least one of its objects and intending to help accomplish

20 it.

21   4.   Moreover, in order for defendant to be subject to the

22 statutory maximum and statutory minimum sentence set forth below,

23 the government must prove beyond a reasonable doubt that

24 defendant conspired to distribute at least 100 grams of a mixture

25 or substance containing a detectable amount of heroin, a schedule

26 I narcotic controlled substance.   Defendant admits that

27 defendant, in fact, conspired to distribute at least 100 grams of

28

                              2

1   a mixture or substance containing a detectable amount of heroin,

2   as described in count one of the First Superseding Indictment.

3                              PENALTIES

4      5.   The statutory maximum sentence that the Court can

5   impose for this violation of Title 21, United States Code Section

6   846 is: 40 years imprisonment, a lifetime period of supervised

7   release, a fine of $2,000,000, and a mandatory special assessment

8   of $100.

9      6.   Absent a determination by the Court that defendant's

10  case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and

11  United States Sentencing Guideline § 5C1.2, the statutory

12  mandatory minimum sentence that the Court must impose for this

13  violation of Title 21, United States Code, Section 846 is:

14  5 years imprisonment, a 4-year term of supervised release, and a

15  mandatory special assessment of $100.

16     7.   Supervised release is a period of time following

17  imprisonment during which defendant will be subject to various

18  restrictions and requirements.  Defendant understands that if

19  defendant violates one or more of the conditions of any

20  supervised release imposed, defendant may be returned to prison

21  for all or part of the term of supervised release, which could

22  result in defendant serving a total term of imprisonment greater

23  than the statutory maximum stated above.

24     8.   Defendant also understands that, by pleading guilty,

25  defendant may be giving up valuable government benefits and

26  valuable civic rights, such as the right to vote, the right to

27  possess a firearm, the right to hold office, and the right to

28  serve on a jury.

                                 3

1       9.   Under 21 U.S.C. § 862a, defendant will not be eligible

2 for assistance under state programs funded under the Social

3 Security Act or Federal Food Stamp Act and will not be eligible

4 for federal food stamp program benefits; furthermore, any such

5 benefits or assistance received by defendant's family members

6 will be reduced to reflect defendant's ineligibility.

7       10.   Defendant further understands that the conviction in

8 this case may subject defendant to various collateral

9 consequences, including but not limited to deportation,

10 revocation of probation, parole, or supervised release in another

11 case, and suspension or revocation of a professional license.

12 Defendant understands that unanticipated collateral consequences

13 will not serve as grounds to withdraw defendant's guilty plea.

14                            FACTUAL BASIS

15       11.   Defendant and the USAO agree and stipulate to the

16 statement of facts provided below.  This statement of facts is

17 sufficient to support a plea of guilty to the charge described in

18 this agreement and to establish the sentencing guideline factors

19 set forth in paragraph 14 below.  It is not meant to be a

20 complete recitation of all facts relevant to the underlying

21 criminal conduct or all facts known to either party that relate

22 to that conduct.

23      Beginning on a date unknown and continuing through April 9,

24 2009, defendant knowingly and intentionally conspired to sell

25 more than 100 grams of heroin.  Specifically, defendant agreed to

26 and did receive heroin from co-defendants Pedro Luis Perez-Cruz,

27 aka "Arguayo," and Gabriel Perez, aka "Javier," and then sold the

28 heroin in Los Angeles County.  Defendant admits that the

1 following are examples of his participation in the conspiracy.
2 On July 31, 2008, defendant and Gabriel Perez possessed
3 approximately 21.51 grams of heroin packaged for distribution in
4 multi-colored balloons and $1,087 in proceeds derived from the
5 sale of heroin at a "Food 4 Less" store in East Los Angeles.  On
6 October 17, 2008, defendant used a telephone to confirm that he
7 wanted to purchase heroin for distribution from Perez-Cruz.  On
8 October 18, 2008, Perez-Cruz informed defendant that defendant
9 would get a discount on the price of heroin if defendant agreed
10 to buy heroin from Perez-Cruz every week, and defendant agreed.
11 On November 2, 2008, defendant and Perez-Cruz possessed
12 approximately 9.6 grams of heroin, clear plastic baggies, empty
13 multi-colored balloons, and blue latex gloves used to package
14 heroin for distribution at a residence in Commerce, California.
15      In each case, defendant knew that the substance he possessed
16 and conspired to possess was heroin.  Defendant further admits
17 that he knew that the conspiracy to sell heroin included an
18 agreement to sell more than 100 but less than 400 grams of
19 heroin.

20                    WAIVER OF CONSTITUTIONAL RIGHTS

21      12.  By pleading guilty, defendant gives up the following
22 rights:

23           a)  The right to persist in a plea of not guilty.

24           b)  The right to a speedy and public trial by jury.

25           c)  The right to the assistance of legal counsel at
26 trial, including the right to have the Court appoint counsel for
27 defendant for the purpose of representation at trial.  (In this
28 regard, defendant understands that, despite his plea of guilty,

5

1    he retains the right to be represented by counsel -- and, if

2    necessary, to have the court appoint counsel if defendant cannot

3    afford counsel -- at every other stage of the proceeding.)

4              d) The right to be presumed innocent and to have the

5    burden of proof placed on the government to prove defendant

6    guilty beyond a reasonable doubt.

7              e) The right to confront and cross-examine witnesses

8    against defendant.

9              f) The right, if defendant wished, to testify on

10   defendant's own behalf and present evidence in opposition to the

11   charges, including the right to call witnesses and to subpoena

12   those witnesses to testify.

13             g) The right not to be compelled to testify, and, if

14   defendant chose not to testify or present evidence, to have that

15   choice not be used against defendant.

16       By pleading guilty, defendant also gives up any and all

17   rights to pursue any affirmative defenses, Fourth Amendment or

18   Fifth Amendment claims, and other pretrial motions that have been

19   filed or could be filed.

20                       <u>SENTENCING FACTORS</u>

21       13.   Defendant understands that the Court is required to

22   consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),

23   including the kinds of sentence and sentencing range established

24   under the United States Sentencing Guidelines ("U.S.S.G." or

25   "Sentencing Guidelines"), in determining defendant's sentence.

26   Defendant further understands that the Sentencing Guidelines are

27   advisory only, and that after considering the Sentencing

28   Guidelines and the other § 3553(a) factors, the Court may be free

                                    6

1 to exercise its discretion to impose any reasonable sentence up
2 to the maximum set by statute for the crimes of conviction.
3      14.   Defendant and the USAO agree and stipulate to the
4 following applicable Sentencing Guidelines factors:
5      Base Offense Level  :     26    U.S.S.G. § 2D1.1(c)(7)
6 Defendant and the USAO reserve the right to argue that additional
7 specific offense characteristics, adjustments, and departures
8 under the Sentencing Guidelines are appropriate.  Defendant also
9 understands that defendant's base offense level could be
10 increased if defendant is a career offender under U.S.S.G.
11 §§ 4B1.1 and 4B1.2.  In the event that defendant's offense level
12 is so altered, the parties are not bound by the base offense
13 level stipulated to above.
14      15.   There is no agreement as to defendant's criminal
15 history or criminal history category.
16      16.   The parties agree that:
17           a)   Defendant did not use violence or credible threats
18 of violence or possess a firearm or other dangerous weapon (or
19 induce another participant to do so) in connection with the
20 offense;
21           b)   The offense did not result in death or serious
22 bodily injury to any person; and
23           c)   Defendant was not an organizer, leader, manager,
24 or supervisor of others in the offense and was not engaged in a
25 continuing criminal enterprise.
26 //
27 //
28 //

1    17.  Defendant and the USAO, pursuant to the factors set
2  forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and
3  (a)(7), further reserve the right to argue for a sentence outside
4  the sentencing range established by the Sentencing Guidelines.

5    18.  The stipulations in this agreement do not bind either
6  the United States Probation Office or the Court.  Both defendant
7  and the USAO are free to: (a) supplement the facts by supplying
8  relevant information to the United States Probation Office and
9  the Court, (b) correct any and all factual misstatements relating
10 to the calculation of the sentence, and (c) argue on appeal and
11 collateral review that the Court's Sentencing Guidelines
12 calculations are not error, although each party agrees to
13 maintain its view that the calculations in paragraph 14 are
14 consistent with the facts of this case.

15                 DEFENDANT'S OBLIGATIONS
16    19.  Defendant agrees that he will:
17         a) Plead guilty as set forth in this agreement.
18         b) Not knowingly and willfully fail to abide by all
19 sentencing stipulations contained in this agreement.
20         c) Not knowingly and willfully fail to: (i) appear for
21 all court appearances, (ii) surrender as ordered for service of
22 sentence, (iii) obey all conditions of any bond, and (iv) obey
23 any other ongoing court order in this matter.
24         d) Not commit any crime; however, offenses which would
25 be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are
26 not within the scope of this agreement.
27 //
28 //

8

1    e) Not knowingly and willfully fail to be truthful at
2  all times with Pretrial Services, the U.S. Probation Office, and
3  the Court.

4    f) Pay the applicable special assessment at or before
5  the time of sentencing unless defendant lacks the ability to pay
6  and submits a completed financial statement (form OBD-500) to the
7  USAO prior to sentencing.

8                        THE USAO'S OBLIGATIONS

9    20.  If defendant complies fully with all defendant's
10 obligations under this agreement, the USAO agrees:

11    a) To abide by all sentencing stipulations contained in
12 this agreement.

13    b) At the time of sentencing to move to dismiss the
14 remaining counts of the First Superseding Indictment as against
15 defendant.  Defendant agrees, however, that at the time of
16 sentencing the Court may consider the dismissed counts in
17 determining the applicable Sentencing Guidelines range, where the
18 sentence should fall within that range, the propriety and extent
19 of any departure from that range, and the determination of the
20 sentence to be imposed after consideration of the Sentencing
21 Guidelines and all other relevant factors under 18 U.S.C.
22 § 3553(a).

23    c) At the time of sentencing, provided that defendant
24 demonstrates an acceptance of responsibility for the offense up
25 to and including the time of sentencing, to recommend a two-level
26 reduction in the applicable sentencing guideline offense level,
27 //
28 //

1  pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,

2  move for an additional one-level reduction if available under

3  that section.

4         d)   To recommend that defendant be sentenced to a term

5  of imprisonment at the low end of the applicable Sentencing

6  Guidelines imprisonment range calculated by the Court provided

7  that the Court does not depart downward in criminal history

8  category.  For purposes of this agreement, the low end of the

9  Sentencing Guidelines imprisonment range is that defined by the

10  Sentencing Table in U.S.S.G. Chapter 5, Part A.

11                      BREACH OF AGREEMENT

12      21.  If defendant, at any time after the execution of this

13  agreement, knowingly violates or fails to perform any of

14  defendant's agreements or obligations under this agreement ("a

15  breach"), the USAO may declare this agreement breached.  If the

16  USAO declares this agreement breached at any time following its

17  execution, and the Court finds such a breach to have occurred,

18  then: (a) if defendant has previously entered a guilty plea,

19  defendant will not be able to withdraw the guilty plea, and

20  (b) the USAO will be relieved of all of its obligations under

21  this agreement.

22      22.  Following the Court's finding of a knowing and willful

23  breach of this agreement by defendant, should the USAO elect to

24  pursue any charge that was either dismissed or not filed as a

25  result of this agreement, then:

26  //

27  //

28  //

1        a) Defendant agrees that any applicable statute of
2   limitations is tolled between the date of defendant's signing of
3   this agreement and the commencement of any such prosecution or
4   action.

5        b) Defendant gives up all defenses based on the statute
6   of limitations, any claim of pre-indictment delay, or any speedy
7   trial claim with respect to any such prosecution, except to the
8   extent that such defenses existed as of the date of defendant's
9   signing this agreement.

10       c) Defendant agrees that: (i) any statements made by
11  defendant, under oath, at the guilty plea hearing (if such a
12  hearing occurred prior to the breach); (ii) the stipulated
13  factual basis statement in this agreement; and (iii) any evidence
14  derived from such statements, are admissible against defendant in
15  any such prosecution of defendant, and defendant shall assert no
16  claim under the United States Constitution, any statute, Rule 410
17  of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules
18  of Criminal Procedure, or any other federal rule, that the
19  statements or any evidence derived from any statements should be
20  suppressed or are inadmissible.

21                LIMITED MUTUAL WAIVER OF APPEAL

22       23.  Defendant gives up the right to appeal any sentence
23  imposed by the Court, and the manner in which the sentence is
24  determined, provided that (a) the sentence is within the
25  statutory maximum specified above and is constitutional, and
26  (b) the Court imposes a sentence within or below the range
27  corresponding to a total offense level of 23, and the applicable
28  criminal history category as determined by the Court.

1  Notwithstanding the foregoing, defendant retains any ability
2  defendant has to appeal the conditions of supervised release
3  imposed by the Court, with the exception of the following:
4  conditions set forth in General Orders 318, 01-05, and/or 05-02
5  of this Court; the drug testing conditions mandated by 18 U.S.C.
6  §§ 3563(a)(5) and 3583(d); and the alcohol and drug use
7  conditions authorized by 18 U.S.C. § 3563(b)(7).

8      24.  The USAO gives up its right to appeal the sentence,
9  provided that (a) the sentence is within the statutory minimum
10 and maximum specified above and is constitutional, and (b) the
11 Court imposes a sentence within or above the range corresponding
12 to a total offense level of 23, and the applicable criminal
13 history category as determined by the Court.

14              RESULT OF VACATUR, REVERSAL OR SET-ASIDE

15     25.  Defendant agrees that if any count of conviction is
16 vacated, reversed, or set aside, the USAO may: (a) ask the Court
17 to resentence defendant on any remaining counts of conviction,
18 with both the USAO and defendant being released from any
19 stipulations regarding sentencing contained in this agreement,
20 (b) ask the Court to void the entire plea agreement and vacate
21 defendant's guilty plea on any remaining count of conviction,
22 with both the USAO and defendant being released from all of their
23 obligations under this agreement, or (c) leave defendant's
24 remaining conviction, sentence, and plea agreement intact.
25 Defendant agrees that the choice among these three options rests
26 in the exclusive discretion of the USAO.
27 //
28 //

<u>COURT NOT A PARTY</u>

26.   The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations.   Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.   No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27.   Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.   Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

28.   The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea

//
//
//
//
//
//

13

1 │ hearing as if the entire Agreement had been read into the record

2 │ of the proceeding.

3 │     This agreement is effective upon signature by defendant and

4 │ an Assistant United States Attorney.

5 │ AGREED AND ACCEPTED

6 │ UNITED STATES ATTORNEY'S OFFICE
  │ FOR THE CENTRAL DISTRICT OF CALIFORNIA

7 │

  │ THOMAS P. O'BRIEN
8 │ United States Attorney

9 │

10 │ ARIEL A. NEUMAN                 Date
  │ JUSTIN RHOADES
11 │ JEFF MITCHELL
  │ Assistant United States Attorneys

12 │

13 │     I, RANDY SERPA, am fluent in English and have carefully read

14 │ this agreement.  I have carefully discussed every part of this

15 │ agreement with my attorney.  I understand the terms of this

16 │ agreement, and I voluntarily agree to those terms.  My attorney

17 │ has advised me of my rights, of possible defenses, of the

18 │ sentencing factors set forth in 18 U.S.C. § 3553(a), of the

19 │ relevant Sentencing Guidelines provisions, and of the

20 │ consequences of entering into this agreement.  No promises or

21 │ inducements have been given to me other than those contained in

22 │ this agreement.  No one has threatened or forced me in any way to

23 │ enter into this agreement.  Finally, I am satisfied with the

24 │ representation of my attorney in this matter.

25 │

26 │ RANDY SERPA                Date
  │ Defendant
27 │ //

28 │ //

1  hearing as if the entire Agreement had been read into the record
2  of the proceeding.
3      This agreement is effective upon signature by defendant and
4  an Assistant United States Attorney.
5  AGREED AND ACCEPTED
6  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
7
   THOMAS P. O'BRIEN
8  United States Attorney

9
                                                    _____
10 ARIEL A. NEUMAN                         Date
   JUSTIN RHOADES
11 JEFF MITCHELL
   Assistant United States Attorneys
12

13     I, RANDY SERPA, am fluent in English and have carefully read
14 this agreement.  I have carefully discussed every part of this
15 agreement with my attorney.  I understand the terms of this
16 agreement, and I voluntarily agree to those terms.  My attorney
17 has advised me of my rights, of possible defenses, of the
18 sentencing factors set forth in 18 U.S.C. § 3553(a), of the
19 relevant Sentencing Guidelines provisions, and of the
20 consequences of entering into this agreement.  No promises or
21 inducements have been given to me other than those contained in
22 this agreement.  No one has threatened or forced me in any way to
23 enter into this agreement.  Finally, I am satisfied with the
24 representation of my attorney in this matter.
25
                                            7-2-09
26 RANDY SERPA                          Date
   Defendant
27 //
28 //

14

1       I am RANDY SERPA's attorney.  I have carefully discussed

2   every part of this agreement with my client.  Further, I have

3   fully advised my client of his rights, of possible defenses, of

4   the sentencing factors set forth in 18 U.S.C. § 3553(a), of the

5   relevant Sentencing Guidelines provisions, and of the

6   consequences of entering into this agreement.  To my knowledge,

7   my client's decision to enter into this agreement is an informed

8   and voluntary one.

9

10  _____    Date July 2, 2009

11  NANCY KARDON
    Counsel for Defendant
    RANDY SERPA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15